UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KEITH O. LOCKRIDGE      ]
    Plaintiff,          ]
                        ]
v.                      ]     No. 3:12-0204
                        ]     Judge Campbell
ROBERTSON COUNTY JAIL, et al.  ]
    Defendants.         ]

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Robertson County Jail in Springfield, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Robertson County Jail; Bill Holt, Sheriff of Robertson County; and Captain Tony Crawford, a member of the staff at the Jail; seeking damages.

The plaintiff questions conditions of his confinement. More specifically, he alleges that he has been denied access to a law library. In addition, the plaintiff complains that his outgoing mail is being read by authorities at the Jail and that he has been denied outdoor recreation.

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir.1993), "an

official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Robertson County, the municipal entity that operates the Robertson County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Robertson County or its agent, the Robertson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Robertson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Robertson County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge